MYNDERSE (UNITED STATES v.). See Cases Nos. 15,850 and 15,851.

---

## Case No. 9,999.

### In re MYRICK.

### [3 N. B. R. 153 (Quarto, 38).] [1]

District Court, S. D. Georgia. April 6, 1869.

REAL PROPERTY—LIMITATIONS—NOT TO BE BOUND FOR DEBTS—BANKRUPTCY.

1. A father, resident of Georgia, bequeathed lands therein to the husband of his daughter, in trust "for her sole and separate use, during her natural life, and the use of her children," with limitation over on her death to her then husband and children living, share and share alike, with a clause that no part of the property should be liable for the debts of any present or future husband. The wife having died and the husband become bankrupt, *held*, he took, under the laws of Georgia, on her death, a fourth interest in fee in the said lands.

2. The clause against the use of any part of the lands in payment of debts of husband, applied during the life of the wife only, and does not apply after the fee vested in the husband.

Benjamin H. Myrick filed his petition in bankruptcy February 10, 1868. At that time and for some years before, he was in possession of, besides other lands, four hundred and sixty-five and a half acres—being two tracts or parcels put together—the one, the "Greene Place," two hundred and sixty-three acres, the other, the "Britt Place," two hundred and two and a half acres, making in all four hundred and sixty-five and a half acres. He acquired the Greene Place directly by the will of John Edmondson, deceased; and the Britt Place was bought by him under the instructions of the will, and paid for with money which came to him by the will; and the question now under consideration is, did that land or any part of it, at the time of his bankruptcy, belong to Benjamin H. Myrick, so as to be liable as assets in the hands of the assignee? In other words: did Benjamin H. Myrick, at the time of his bankruptcy, possess such an interest in the land as should, under the law, pass to his assignee for the benefit of his creditors, and if so, what interest? In order to determine this question, it is necessary to recur to the will of John Edmondson, who was the father-in-law of Myrick, and give it a legal construction in so far as it relates to this property. The clause of the will relating to this property, and the terms and conditions of its bequest, reads as follows, to wit: "All of which property, together with all that which my said daughter may receive according to my will, I give to Benjamin Myrick to hold in trust for the sole and separate use of my said daughter, Mary Ann, during her natural life, and for the use of her children; and at her death, the said property to be equally divided between the children she may have living, and the descendants of such as may be dead, and her then husband, share and share alike. And said property to be in no wise liable to the payment of the debts of any present or future husband." Mrs. Mary Ann Myrick died some time previous to Mr. Myrick's bankruptcy, leaving three children and Mr. Myrick, as her then husband.

By ALEXANDER G. MURRAY, Register: The general rule for construing a will is, to give it such construction as will carry into effect, if possible, the intention of the testator. But, at the same time we take intention as the guide, we must not suffer a departure from the legal restrictions thrown over the making of wills by legislation, to lead to a conclusion that will violate the law—always presuming that the intention of a testator is to conform to the law. It is clear, from the provisions of the will, that Benjamin H. Myrick held the property in trust during the lifetime of Mrs. Mary Ann Myrick, his wife. All must admit this. But, what was the condition of the property after her death? The will provides, that on the happening of that event, the property should be equally divided between the children she then had, and her then husband, viz.: three children and Benjamin H. Myrick, share and share alike. If it were at all doubtful whether the testator intended that the trust estate should then end, the law settles the question. The legislature of Georgia has enacted (Code Ga. § 2230) "that limitations which, by the English rules of construction, would create an estate tail by implication in this state, shall give a life estate to the first taker, with remainder over in fee to the * * * beneficiaries intended by the maker of the instrument." Thus Mrs. Mary Ann Myrick was the first taker, and took a life estate in trust in the property bequeathed. But at her death, the law vested an absolute title in fee in the three children and Benjamin H. Myrick, share and share alike. Consequently, Benjamin H. Myrick, at the time of his bankruptcy, was the owner in fee of one-fourth interest in the four hundred and sixty-five and a half acres of land, and that interest is assets which passed to the assignee. The clause of the will which says: "Said property to be in no wise liable to the payment of the debts of any present or future husband," must be construed to be limited by and to apply only during the life of Mrs. Mary Ann Myrick. It cannot apply after the property has vested in fee.

ERSKINE, District Judge. After careful consideration of the question certified for the approval or disapproval of the judge, he

---

[1] [Reprinted by permission.]

is of opinion that the decision of the register is correct, and it is approved.

[This case was subsequently heard upon the question of the validity of certain proofs of debt, taken under power of attorney not stamped with an internal revenue stamp. Case No. 10,000.]